## Case No. 15,523.

### UNITED STATES v. KENNEDY.

[1 Cranch, C. C. 312.] [1]

Circuit Court, District of Columbia. June Term, 1806.

FORESTALLING MARKET—INDICTMENT.

An indictment will not lie for forestalling the Georgetown market contrary to the by-law.

## Case No. 15,524.

### UNITED STATES v. KENNEDY et al.

[3 McLean, 175.] [2]

Circuit Court, D. Illinois. June Term, 1843.

COMPETENCY OF WITNESS — RELIGIOUS BELIEF — CREDIBILITY—TRESPASS—PLEADING AND PROOF.

1. A witness to be competent must believe in God, and in rewards and punishments.

2. If these are inflicted in this life, according to his faith, he is competent.

3. But in such case he may be less under that high moral influence, which is supposed to result from a belief in a state of rewards and punishments in the life to come. This may go to his credibility.

4. In trespass, where a day is laid in the declaration, and from such day to the commencement of the action, divers trespasses were committed, one trespass, but not divers, may be proved prior to the day named. But divers may be proved within the time laid.

At law.

Mr. Butterfield, for the United States.
Mr. Arnold, for defendants.

OPINION OF THE COURT. This action is brought against the defendants [Kennedy

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. John McLean, Circuit Justice.]

and Clyburn] for trespass upon the public lands. The jury being impannelled, William H. Adams was called as a witness; and being asked whether he believes in the existence of a God, and in a future state of rewards and punishment, answered that he believed in a God, and that all offences were punished in this life, and not in the next. The witness having answered the question, without objection, it will be received. But, it may be proper to remark, that the modern practice is, not to interrogate the witness as to his religious belief. Formerly, the witness was examined on this point, either before or after he was sworn. But it is now proved by witnesses, who may have learned the views of the witness on this subject from his own declarations. And this seems to be more reasonable and more conformable to the spirit of our institutions.

However highly the witness may appreciate character, and however strongly he may detest the crime of perjury, from the infamy attached to it, still the law requires a higher obligation to operate upon the conscience of the witness. He must believe in a Superintending Providence, who punishes crime. This presupposes a belief in a future state. The authorities are divided on the point whether, if the rewards and punishments, according to the belief of the witness, are to be inflicted in this life, he is competent. Com. v. Bacheler, 4 Am. Jur. 81. In Hunscom v. Hunscom, 15 Mass. 184, the court held that mere disbelief in a future existence went only to the credibility. Contra, Atwood v. Welton, 7 Conn. 66. In the case of Omichund v. Barker, Willes, 545, 1 Atk. 21, where the subject was largely discussed, it was held, that the belief of a God, and that he will reward and punish us according to our deserts, is essential; but whether the rewards and punishments are limited to this life, or the next, is not material. At least this view is sustained by the weight of authority. The individual who believes that a bad act will be punished in this life, and a good one rewarded, by God, cannot be said to act free from that moral influence of hope and fear which the law contemplates as the best security against punishment. This influence will operate more strongly, when referred to the future than the present life. And it would seem, as stated in some of the authorities, that a disbelief in a state of future rewards and punishments should go to the credibility of the witness, and not to his competency. 1 Greenl. Ev. §§ 368–370.

The witness was sworn, and also D. Kinsey, who proved that the defendants, at different times, and for a series of years, were in the practice of cutting timber on the public land, and using it for their own purposes.

It was made to appear that the pre-emption law of 1838 embraced the case of the defendant Clyburn, but he took no step dur-

ing the continuance of the law to perfect his title. He is, therefore, liable to an action of trespass after the expiration of the pre-emption law. The declaration laid the trespass from 1st of October to the time of bringing the action. And THE COURT held, that a single trespass might be proved anterior to the time laid, but not divers. That divers trespasses might be proved within the time laid.

The jury found for plaintiffs, &c. Judgment.